**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne C. Hoffman, ) | No. CV 04 2211-PHX-MHM |
| )  Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) The Neiman Marcus Group, Inc., ) | |
| )  Defendant. ) | |

    Presently pending before the Court is Defendant's Motion for Attorneys' Fees (Doc. 69). Plaintiff has not responded. The Court hereby issues the following Order.

    The relevant facts leading up to this lawsuit are as follows. Plaintiff was a department manager for Defendant Neiman Marcus in Boston, Massachusetts. Plaintiff then interviewed at the Neiman Marcus store in Scottsdale, Arizona. Plaintiff did not receive the position but was told that he could remain in his management position in the Boston store. Instead, Plaintiff quit his job in Boston, moved to Arizona where he did not have a job, and filed the instant lawsuit. Plaintiff alleged that he did not receive a job offer from the Scottsdale Neiman Marcus store because he is HIV-positive.

1    In his Complaint, Plaintiff alleged claims for (1) employment discrimination under the Arizona Civil Rights Act ("ACRA"); (2) wrongful termination under A.R.S. § 41-1463; (3) breach of contract; (4) tortious interference with business expectation/employment; (5) intentional infliction of emotional distress; and (6) promissory estoppel.  Defendant filed a Motion for Summary Judgment on all claims.  In his Response to Defendant's Motion for Summary Judgment, Plaintiff conceded that summary judgment should be granted on (1) his employment discrimination claim; (2) his claim for wrongful termination under ACRA; (3) his breach of contract claim; and (4) his claim for intentional infliction of emotional distress. On September 29, 2006, an Order was entered granting Defendant's Motion for Summary Judgment as to all of Plaintiff's claims.  The Clerk of the Court issued Judgment for Defendant on the same day.  Defendant now seeks attorneys' fees pursuant to A.R.S. § 12-341.01(A), A.R.S. § 41-1481(J).

## I.    ATTORNEYS' FEES PURSUANT TO A.R.S. § 12-341.01(A)

Pursuant to A.R.S. § 12-341.01(A), "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."  "An action arises out of contract under A.R.S. § 12-341.01(A) if it could not exist 'but for' the contract."  Hanley v. Pearson, 204 Ariz. 147, 61 P.3d 29, 33 (Ariz.Ct.App. 2003) (quoting Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 647 P.2d 1127, 1141 (Ariz. 1982)). The purpose of an award under A.R.S. § 12-341.01(A) is to "mitigate the burden of the expense of litigation to establish a just claim or a just defense."  A. R.S. § 12-341.01(B); Building Innovation Industries, L.L.C. v. Onken, 2007 WL 158737, *7 (D.Ariz. 2007).

This case arose out of an alleged contract dispute.  It was a contested action in which Defendant was the successful party, as evidence by the Court granting Defendant's Motion for Summary Judgment in its entirety.  Plaintiff specifically alleged breach of contract in his Complaint.

...

...

The Court has discretion to award attorney's fees; such discretion must be legal rather than arbitrary. See Grand Real Estate, Inc. v. Sirignano, 676 P.2d 642, 648, 139 Ariz. 8, 14 (App. 1983). In exercising discretion, the Court considers the following six factors:

(1) whether the unsuccessful party's claim or defense was meritorious;
(2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;
(3) whether assessing fees against the unsuccessful party would cause an extreme hardship;
(4) whether the successful party prevailed with respect to all of the relief sought;
(5) whether the legal question presented was novel and whether such claim or defense have previously been adjudicated in this jurisdiction; and
(6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. 143 Ariz. at 570, 694 P.2d at 1184.

Waggenseller v. Scottsdale Mem'l Hosp., 710 P.2d 1025, 1049, 147 Ariz. 370, 394 (Ariz. 1985), superseded by statute on other grounds as stated in Chaboya v. American Red Cross, 72 F.Supp. 2d 1081, 1092 (D.Ariz. 1999).

The above factors weigh in favor of Defendant's Motion for Attorneys' Fees. As for the first and fourth factors, the Court granted Defendant's Motion for Summary Judgment, thereby dismissing all of Plaintiff's claims, including his breach of contract claim. Additionally, in his Response to Defendant's Motion for Summary Judgment, Plaintiff conceded that he had no viable grounds on which to maintain four of his six claims and agreed to their dismissal. The second factor also weighs in favor of awarding attorney's fees to Defendant. Defendant attached to its Memorandum in Support of Motion for Attorneys' Fees and Related Non-Taxable Expenses two letters in which Defendant offered to waive claims for costs and attorneys' fees as part of the dismissal of Plaintiff's claims. Plaintiff failed to respond to either letter.

- 3 -

1   Regarding the third factor, whether assessing fees against Plaintiff will cause an
2   extreme hardship, Plaintiff voluntarily left his job with Neiman Marcus in Boston with a
3   salary of approximately $50,000 per year without securing a new position first. This
4   suggests that income is not a priority to Plaintiff. Moreover, economic hardship alone
5   generally does not justify a denial of fees under A.R.S. § 12-341.01(A). Johnson v. Schoen,
6   888 F. Supp. 1009, 1019 (D.Ariz. 1995).

7   Finally, an award of attorneys' fees will not deter other plaintiffs from bringing
8   legitimate contract claims, especially given the record in this case. The only plaintiffs that
9   are likely to be deterred by an award of attorneys' fees here would be those who intend to
10  pursue meritless claims. Such a result would be consistent with A.R.S. § 12-341(A), which
11  has the stated purpose of mitigating "the burden of the expense of litigation to establish a just
12  claim or a just defense." A.R.S. § 341-01(B). Accordingly, the Court finds it appropriate
13  to award Defendant attorneys' fees pursuant to A.R.S. § 341-01(A).

14  **II.    ATTORNEYS' FEES PURSUANT TO THE ARIZONA CIVIL RIGHTS ACT**

15  "A prevailing defendant in a civil rights action may be awarded fees pursuant to
16  A.R.S. section 41-1481(J) only upon a finding that the plaintiff's action was frivolous,
17  unreasonable, or without foundation, even if it was not brought in subjective bad faith."
18  West v. Salt River Agr. Improvement and Power Dist., 179 Ariz. 619, 626, 880 P.2d 1165,
19  1172 (App. 1994). The fact that a defendant prevails on the merits does not in itself entitle
20  the defendant to an award of fees. Sees v. KTUC, Inc., 148 Ariz. 366, 369, 714 P.2d 859,
21  862 (App. 1985).

22  In the instant case, Plaintiff brought a claim for employment discrimination and
23  wrongful termination under ACRA. In his Response to Defendant's Motion for Summary
24  Judgment, Plaintiff conceded that summary judgment should be granted on both claims
25  brought under ACRA. Plaintiff did not make any argument to support the validity of these
26  claims. According to Defendant, Plaintiff admitted during his deposition that he had no
27  reason to believe that anyone in the Scottsdale store, where the decision was made not to

28

- 4 -

1  offer him a position, had any knowledge of his HIV positive status. In fact, very few
2  managers at Neiman Marcus's Boston store were aware that Plaintiff was HIV-positive.
3  Plaintiff presented no evidence to base his claims of employment discrimination and
4  wrongful termination on unfair treatment based on his HIV-positive status. Accordingly, the
5  Court finds it appropriate to award Defendant attorneys' fees pursuant to A.R.S. § 341-01(J).

6  **III.    ATTORNEYS' FEES PURSUANT TO A.R.S. §§ 12-341.01(C) AND 12-349**

7  Pursuant to A.R.S. §§ 12-341.01(C), "the court shall award reasonable attorney fees
8  in any contested action upon clear and convincing evidence that the claim or defense
9  constitutes harassment, is groundless, and is not made in good faith." Similarly, A.R.S. § 12-
10 349 allows for fees when a party brings a claim "without substantial justification" or for the
11 purpose of harassment, or otherwise abuses the litigation process. A.R.S. § 12-349(A).

12 It seems clear that Plaintiff's claims were groundless even before Plaintiff brought the
13 instant lawsuit. In addition, there is evidence to suggest that Plaintiff was aware of this
14 before he filed suit. Furthermore, Plaintiff conceded that summary judgment was warranted
15 on four of his six claims, and Plaintiff asserted absolutely no argument in support of his
16 claims. Moreover, Plaintiff did not respond to Defendant's letters in which Defendant
17 offered to waive claims for costs and attorneys' fees as part of the dismissal of Plaintiff's
18 claims. Nor did Plaintiff respond to the instant Motion for Attorneys' Fees.

19 Defendant has shown clear and convincing evidence that Plaintiff's claims were
20 groundless, not made in good faith, and brought without substantial justification.
21 Accordingly, the Court finds it appropriate to award Defendant attorneys' fees pursuant to
22 A.R.S. §§ 12-341.01(C) AND 12-349.

23 **IV.    REASONABLENESS OF FEES**

24 Defendant seeks attorneys' fees in the amount of $102,496.33, representing
25 $97,095.00 in attorneys' fees and $5,401.33 in non-taxable costs and expenses. Defendant
26 has attached the Affidavit of David Selden and the schedule of fees as an Exhibit to its
27 Memorandum in Support of Motion for Attorneys' Fees and Related Non-Taxable Expenses.
28

- 5 -

As Defendant argues, the amount of costs and attorneys' fees that have been incurred in this case are attributable in substantial part to Plaintiff's failure to produce timely discovery responses and disclosure statement, as well as his failure to appear at his first deposition. Furthermore, Defendant describes additional costs incurred due to Plaintiff's misrepresentations to Defendant about his past job history.  Moreover, Defendant describes fees incurred for research it conducted into Plaintiff's alleged emotional distress.  Defendant systematically and orderly has documented its incurred fees and non-taxable costs.  Plaintiff did not file a response.  The Court finds Defendant's request reasonable.

## V.   CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Defendant's Motion for Attorneys' Fees (Doc. 69) is granted.

DATED this 8th day of July, 2007.

_____
Mary H. Murguia
United States District Judge